572 S.E.2d 925

Donna P. WADDELL, Plaintiff Below, Appellant,

v.

JOHN Q. HAMMONS HOTEL, INC., Weingardner–Hammons (A Corporation) D/B/A Embassy Suites Hotel, and Brian Simms, Individually, and Jay Johnson, Individually, Defendants Below, Appellees.

No. 30365.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 2002.

Decided Nov. 4, 2002.

Sharon M. Mullens, Esq., Charleston, West Virginia, Attorney for Appellant.

Paul D. Seyferth, Esq., Eric E. Packel, Esq., Husch & Eppenberger, Kansas City, MO, Maria W. Hughes, Esq., Charleston, West Virginia, Attorneys for Appellees.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on July 16, 2001. In that order, the circuit court granted summary judgment to the appellees and defendants below, John Q. Hammons Hotel, Inc., Weingardner–Hammons (a corporation) d/b/a Embassy Suites Hotel, Brian Sims, individually, and Jay Johnson, individually, in this age discrimination case filed by the appellant and plaintiff below, Donna P. Waddell. In this appeal, Ms. Waddell contends that the circuit court erred in finding that she had not established a *prima facie* case of age discrimination, and therefore, the appellees were entitled to summary judgment.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed.

## I.

### FACTS

Donna Waddell began working as an assistant housekeeper for the Embassy Suites Hotel in Charleston, West Virginia, in September 1997, when she was forty-eight years old. In June 1998, Ms. Waddell was promoted to the position of Executive Housekeeper. She was responsible for all aspects of the housekeeping department of the hotel.

In April 1999, Jay Johnson, Embassy Suites' general manager, hired Brian Sims as Director of Services. Mr. Sims' duties included working with and overseeing the housekeeping department. Mr. Sims was less than forty years old.

Thereafter, according to Ms. Waddell, the appellees began to take away various duties she performed as Executive Housekeeper. At the same time, Ms. Waddell says she was held responsible for duties assigned to Mr. Sims. Ms. Waddell claims that she was relieved of supervisory duties such as attending

department executive meetings. Ms. Waddell also claims that she was issued erroneous disciplinary write-ups and was repeatedly verbally berated and harassed in the presence of her coworkers. She further contends that her performance evaluation was left in a cabinet that was accessible by other employees.

On November 30, 1999, Ms. Waddell filed this age discrimination action in the Circuit Court of Kanawha County pursuant to the West Virginia Human Rights Act, W.Va. Code §§ 5–11–1 to –21. Following discovery, the appellees filed a motion for summary judgment. On June 23, 2001, the circuit court heard arguments on the appellees' motion. Shortly thereafter, the circuit court granted the appellees summary judgment. The final order was entered on July 16, 2001, and this appeal followed.

## II.

### STANDARD OF REVIEW

■ As noted above, Ms. Waddell appeals an order granting summary judgment to the appellees. Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court held that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

■ This Court has also held that:

Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syllabus Point 2, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995). Finally, this Court has stated that: "A circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). With these principles in mind, we now determine whether summary judgment was proper in this case.

## III.

### DISCUSSION

■ Ms. Waddell claims that the circuit court erred by finding that she had failed to establish a *prima facie* case of age discrimination. In Syllabus Point 2 of *Conaway v. Eastern Associated Coal Corp.,* 178 W.Va. 164, 358 S.E.2d 423 (1986), which was also an age discrimination case, this Court stated that "[t]o successfully defend against a motion for summary judgment, the plaintiff must make some showing of fact which would support a prima facie case for his claim." This Court explained in Syllabus Point 3 of *Conaway* that:

In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va.Code § 5–11–1 *et seq.* (1979), the plaintiff must offer proof of the following:

(1) That the plaintiff is a member of a protected class.

(2) That the employer made an adverse decision concerning the plaintiff.

(3) But for the plaintiff's protected status, the adverse decision would not have been made.

■ Based upon the record, we find that Ms. Waddell only satisfied the first element of a *prima facie* case of age discrimination. Ms. Waddell was forty-eight years old when the events at issue in this case transpired, and therefore, she is a member of a protected class as set forth in W.Va.Code § 5–11–3(k) (1998).[1] However, Ms. Waddell has not

---

1. With respect to complaints filed with the West Virginia Human Rights Commission, W.Va.Code

§ 5–11–3(k) (1998) defines "age" as "the age of forty or above."

presented evidence establishing that the appellees made an adverse decision concerning her employment. Furthermore, even if we were to assume that a genuine issue of fact exists regarding whether an adverse decision was made concerning Ms. Waddell's employment, there is no evidence indicating that the decision would not have been made absent her protected status.

Ms. Waddell asserts that the appellees made an adverse decision concerning her employment because her job duties were changed by Mr. Sims. She says that some of her supervisory duties were eliminated and that essentially, she was "demoted." However, the record shows that Ms. Waddell retained the title of Executive Housekeeper after Mr. Sims was hired. She continued to work the same hours and had the same general terms and conditions of employment. In addition, Ms. Waddell received at least two pay raises after Mr. Sims began overseeing the housekeeping department. Although Ms. Waddell eventually resigned from her position and left her employment with Embassy Suites, she never asserted that her resignation was based upon age discrimination.[2]

■ Even if we were to assume that a genuine issue of material fact exists concerning whether Ms. Waddell was demoted by the appellees, there is insufficient evidence in the record to establish that the same decision would not have been made but for Ms. Waddell's protected status. In addressing the third element of a *prima facie* case of discrimination in *Conaway, supra,* this Court explained that:

> The first two parts of the test are easy, but the third will cause controversy. Because discrimination is essentially an element of the mind, there will probably be very little direct proof available. Direct proof, however, is not required. What is required of the plaintiff is to show some evidence which would sufficiently link the employ-

er's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion. This evidence could, for example, come in the form of an admission by the employer, a case of unequal or disparate treatment between members of the protected class and others by the elimination of the apparent legitimate reasons for the decision, or statistics in a large operation which show that members of the protected class received substantially worse treatment than others.

178 W.Va. at 170–171, 358 S.E.2d at 429–430 (footnotes omitted).

In this instance, the only evidence offered by Ms. Waddell to show that the appellees' actions toward her were based on her age was the deposition of Joyce Butler, a former housekeeper at Embassy Suites. Ms. Butler testified that during a "casual conversation," Mr. Johnson referred to Ms. Waddell as "a nice old lady." Ms. Butler did not recall when this alleged statement was made by Mr. Johnson, and Ms. Waddell offered no evidence to show that this alleged statement was made in connection with any employment decision.

Moreover, Ms. Waddell admitted during her own deposition that she had no facts to support her claim that the appellees discriminated against her because of her age. Ms. Waddell acknowledged that she and Mr. Sims disagreed about how certain duties of the housekeeping department should be performed. Furthermore, she admitted that she did not believe that she was "written up" because of her age. In sum, Ms. Waddell has presented insufficient evidence to show a nexus between the appellees' decision to narrow her job responsibilities and her age.

When the undisputed facts are construed in the light most favorable to Ms. Waddell, the evidence shows that Ms. Waddell failed to present a *prima facie* case of age discrimi-

---

**2.** Ms. Waddell indicated that she voluntarily resigned from her employment with Embassy Suites because she received a better job offer.

nation. The evidence shows that Ms. Waddell's job responsibilities were limited for a short period of time while Mr. Sims reorganized the housekeeping department in an effort to address cleanliness and staffing problems. The responsibilities of other employees were narrowed for the same purpose. Thus, based on all of the above, the circuit court did not err in granting summary judgment to the appellees.

## IV.

## CONCLUSION

For the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on July 16, 2001, is affirmed.

Affirmed.

Justice McGRAW dissents.