# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cassandra Bush, Administratrix of the**
**Estate of David McFann,**
**Plaintiff Below, Petitioner**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-1085** (Cabell County)

**Convergys Customer Management Group Inc. and**
**DIRECTV Customer Services, Inc.,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Cassandra Bush, Administratrix of the Estate of David McFann, by counsel James D. McQueen, Jr., appeals the Circuit Court of Cabell County's November 5, 2018 order granting the respondents' consolidated motion for summary judgment.  The respondents, Convergys Customer Management Group, Inc. ("Convergys") and DIRECTV Customer Services, Inc. ("DIRECTV") (collectively, "respondents"), by counsel Joseph M. Ward, filed a response in favor of the circuit court's order.  On appeal, petitioner argues that the circuit court erred in finding that her claims of disability discrimination and failure to accommodate fail as a matter of law and in finding that the respondents were not participants in a joint venture with Starz that would have subjected them to liability.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

David McFann ("Mr. McFann") began his employment with Convergys in 2015 as a work-at-home ("WAH") agent. He was hired and trained by Convergys to field calls for DIRECTV.  As a WAH agent, his duties were to answer calls from customers who needed education or assistance with their account or the use of their equipment.  When Mr. McFann was hired, Convergys did not ask for information regarding his health.  At that time, Mr. McFann suffered from chronic pulmonary disease ("COPD") and emphysema.  However, he admitted that his employer did not know about these conditions prior to April of 2015.  He worked exclusively from home, and no Convergys employee had occasion to visit his home.

During his initial training at Convergys in 2015, Mr. McFann learned about an incentive program offered by Starz.  Specifically, the two WAH agents who sold the most Starz package upgrades to DIRECTV customers in April of 2015 would win an all-expense paid trip to

1

Hollywood, California. Although it was not a requirement of his job, Mr. McFann participated in the contest. In addition to Convergys employees, employees of Convergys competitors working on DIRECTV accounts were also eligible to participate. Starz managed the contest and coordinated all travel arrangements for the winners.

In mid-April of 2015, Mr. McFann was told by his supervisor, Jason Chaney, that he was in the running for the Hollywood trip and had a good chance of winning. At that time, Mr. McFann mentioned that he had COPD and that he did not travel because of his disability. Mr. McFann also claims to have told Mr. Chaney that his condition would require special accommodations—nighttime oxygen, oxygen to board the plane, a portable nebulizer, special accommodations to get to the plane and special transportation while in Hollywood to address his walking limitations—should he win the trip. Mr. McFann did not tell Mr. Chaney that he could not accept the prize.

After the contest ended, Mr. McFann was told by his supervisor that he had won. At that time, the petitioner alleges that Mr. McFann told his supervisor that he had not heard anything about his options (for example, whether he could receive compensation in lieu of taking the prize or what accommodations may be made). Thereafter, Mr. McFann learned that the prize had been awarded to the next runner-up. Petitioner alleges that Mr. McFann's supervisor told him that he would be compensated, but that Mr. McFann was later told that there would be no compensation because it was not in the budget.

On March 15, 2016, Mr. McFann filed suit against Convergys and DIRECTV alleging a single count of disability discrimination in violation of the West Virginia Human Rights Act ("WVHRA"). The complaint was amended three times to add additional parties, including Starz, and to allege the existence of a joint venture and/or common law partnership between respondents and Starz. By agreed order, Starz was dismissed from the action on or about June 1, 2018.

On or about July 20, 2018, the respondents filed a consolidated motion for summary judgment. A hearing on the consolidated motion for summary judgment was held on October 2, 2018, and by order entered November 5, 2018, the circuit court granted the respondents' consolidated motion for summary judgment.

The circuit court determined that Mr. McFann could not establish a prima facie case of disability discrimination because he failed to identify an adverse employment action. The circuit court also noted that any adverse action that may have been taken was taken by Starz, not the respondents. Further, the circuit court determined that Mr. McFann's joint venture theory failed because he could not establish that a contract existed among Convergys, DIRECTV and Starz, either express or implied, whereby those parties carried out a single business enterprise for profit for which they combined their property, money, effects, skill, and knowledge. After entry of the circuit court's order, Mr. McFann filed the instant appeal. Soon thereafter, Mr. McFann died, and petitioner, the administratrix of Mr. McFann's estate, was appropriately substituted in his stead.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further, we have held that

2

"[i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure." Syllabus Point 3, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

Syllabus Point 2, *Andrews v. Antero Res.*, 241 W. Va. 796, 828 S.E.2d 858 (2019). We have additionally stated that

"the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Painter v. Peavy*, 192 W. Va. at 192-193, 451 S.E.2d at 758-759 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 US. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)).

*Andrews,* at 811, 828 S.E.2d at 873.

On appeal, petitioner asserts four assignments of error: (1) the circuit court erred in holding that Mr. McFann could not establish a prima facie case of discrimination because he failed to identify an adverse employment action; (2) the circuit court erred in holding that the Hollywood promotion was not a term or condition of Mr. McFann's employment with Convergys; (3) the circuit court erred in holding that Mr. McFann could not establish that he required an accommodation in order to perform the essential functions of his job; and (4) the circuit court erred in holding that the joint venture claim fails as a matter of law.

Petitioner first contends that the circuit court erred by relying on *Skaggs v. Elk Run Coal Co., Inc.*, 198 W. Va. 51, 479 S.E.2d 561 (1996), in ruling that Mr. McFann failed to establish a prima facie case for disability discrimination associated with the deprivation of a privilege of employment. We do not agree. In *Skaggs*, we held that the elements of a *prima facie* case are:

[1]the plaintiff must show that he is a disabled person within the meaning of the law, [2] that he is qualified to perform the essential functions of the job (either with or without reasonable accommodation), and [3] that he has suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises.

*Skaggs v. Elk Run Coal Co., Inc.*, 198 W. Va. 51, 71 n. 22, 479 S.E.2d 561, 581 n. 22 (1996).

When reviewing a circuit court's determination concerning whether an employee has suffered an adverse employment action, this Court has considered factors such as whether a plaintiff retained his or her title, continued to work the same hours, had the same general terms and conditions of employment, and received any pay raises. *Waddell v. John Q. Hammons Hotel, Inc.*, 212 W. Va. 402, 572 S.E.2d 925 (2002). In its order, the circuit court noted that Mr. McFann

conceded "that he continued to do the same job before and after the contest and that he did not suffer a loss in compensation as a result of his inability to take the Hollywood trip."[1]  Because no adverse employment action occurred, petitioner failed to show that Mr. McFann established a *prima facie* case for disability discrimination.

Petitioner also contends that the circuit court erred by not considering the Hollywood promotion a privilege of Mr. McFann's employment.  Petitioner incorrectly asserts that the circuit court ignored whether the Hollywood promotion was a privilege of employment.  The circuit court noted that Mr. McFann had argued that he had been denied a privilege of his employment by not receiving the prize.  However, petitioner "cited to no law establishing that participation in an optional program unconnected to the terms or conditions of [Mr. McFann's] employment gives rise to a duty under the WVHRA."

Petitioner also asserts that the circuit court erred by holding that she could not establish that Mr. McFann required an accommodation in order to perform the essential functions of his job. Specifically, petitioner argues that respondents' failure to provide accommodations to "assist [Mr. McFann] in his travels" constitutes a violation of the WVHRA.  The circuit court correctly noted that the WVHRA requires an employer to "make reasonable accommodations for known impairments to permit an employee to perform the essential functions of the job." *Skaggs*, 198 W. Va. 51, 65, 479 S.E.2d 561, 575 (1996).  Therefore, the appropriate inquiry in this case is whether Mr. McFann required an accommodation in the form of assistance in his travels to Hollywood in order to perform the essential functions of his job.  *Burns v. West Virginia Department of Education and the Arts*, 242 W. Va. 392, 836 S.E.2d 43 (2019).

> To state a claim for breach of the duty of reasonable accommodation under the West Virginia Human Rights Act, a plaintiff must allege the following elements: (1) The plaintiff is a qualified person with a disability; (2) the employer was aware of the plaintiff's disability; (3) the plaintiff required an accommodation in order to perform the essential functions of a job; (4) a reasonable accommodation existed that met the plaintiff's needs; (5) the employer knew or should have known of the plaintiff's need and of the accommodation; and (6) the employer failed to provide the accommodation.

Syllabus Point 2, *Skaggs*, 198 W. Va. 51, 479 S.E.2d 561 (1996).  The circuit court found, and we agree, that Mr. McFann was unable to prove elements three, four and six.  For this reason, the circuit court properly held that Mr. McFann failed to establish a claim for failure to accommodate a disability.  Specifically, Mr. McFann failed to establish that he required an accommodation in order to perform the essential functions of his job.  The accommodations Mr. McFann sought were strictly related to the trip to Hollywood and were not required by him to perform the essential functions of his job. Petitioner has not shown that the circuit court erred in so finding.

Petitioner also contends that the circuit court erred in holding that the joint venture claim failed because Mr. McFann could not establish that, with regard to the contest, a contract existed

---

[1] Mr. McFann testified that he had not suffered any detrimental effect to his hourly rate of pay, his benefits, his paid holidays, his sick leave or his ability to participate in promotions.

4

between the respondents and Starz, whereby those parties carried out a single business enterprise for profit for which they combined their property, money, efforts, skill, and knowledge.

> "'A joint venture or, as it is sometimes referred to, a joint adventure, is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge. It arises out of a contractual relationship between the parties. The contract may be oral or written, express or implied.' Syl. pt. 2, *Price v. Halstead*, 177 W. Va. 592, 355 S.E.2d 380 (1987)."

Syllabus Point 5, *Armor v. Lantz*, 207 W. Va. 672, 535 S.E.2d 737 (2000). The circuit court correctly held that Mr. McFann did not establish, with respect to the contest, that a contract, either express or implied, existed among Convergys, DIRECTV and Starz whereby those entities carried out a single business enterprise for profit. Mr. McFann failed to produce any financial records showing that Convergys, DIRECTV, and Starz shared profits. Because employees of Convergys's competitors also participated in the contest, petitioner cannot establish that the Starz Hollywood Package was a single business enterprise among the respondents and Starz. For these reasons, the circuit court correctly ruled that summary judgment is appropriate on the joint venture claim.

For the foregoing reasons, we affirm the circuit court's November 5, 2018 order granting summary judgment to respondents.

Affirmed.

**ISSUED:** June 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5