# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

TAMMY L. GILHUYS,
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-258**   (Cir. Ct. Hardy Cnty. No. CC-16-2021-C-1)

HARDY COUNTY 911 CENTER,
**Defendant Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tammy L. Gilhuys appeals the Circuit Court of Hardy County's October 28, 2022, order granting summary judgment against her in her workplace discrimination case against her employer. Hardy County 911 Center timely filed a response.[1] Ms. Gilhuys filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Tammy Gilhuys is the Deputy Director of the Office of Emergency Management/Hardy County 911 Center ("the Center"). Her supervisor is Paul Lewis, the Director of the Center. At the time of filing her complaint, Ms. Gilhuys was fifty years old, and had been employed at the Center for twenty-one years.

Her complaint asserts two causes of action: age discrimination and gender discrimination. In it, she alleges that the Center's decision to pay her less than younger employees was motivated by her age and would not have been made absent her age. She also alleges that the decision to pay her less than male employees was motivated by her gender.

As Deputy Director, she is an administratively exempt salaried Hardy County employee who assists and reports to Director Lewis. Her duties are administrative,

---

[1] Ms. Gilhuys is represented by Harley O. Staggers, Jr., Esq. Respondent is represented by Peter G. Zurbuch, Esq., and Jeffrey S. Zurbuch, Esq.

including supervising dispatchers, preparing dispatcher work schedules, processing vacation and leave requests, maintaining employee certifications, and filling in as a mapper, among other things. Ms. Gilhuys has never worked full-time as a 911 dispatcher but has filled in occasionally for a few hours or days per year. Her regular schedule is Monday – Friday from 9:00 a.m. to 4:00 p.m. with an hour off for lunch, effectively a thirty-hour work week, with no evenings or weekends. She is not eligible for overtime pay. She receives time off for all County holidays and any other instances when the County Courthouse is closed. Her salary is more than all the dispatchers' annual pay except for some dispatchers who earn significant overtime pay.

In contrast, the dispatchers, including the Dispatch Supervisor, are paid hourly, work twelve-hour shifts, and are not permitted to leave the premises for lunch. They receive overtime for hours worked over forty hours per week. Dispatchers do not receive time off for County holidays as they must operate the Center 365 days per year. Dispatchers also work weekends every other week in a rotating schedule.

Since Ms. Gilhuys turned forty years old, she has worked the same hours and had the same general terms and conditions of her employment. She received raises in eight of the eleven years since she turned forty, totaling $11,651, including a $2,450 raise in July of 2020 and a $1,700 raise in July of 2021. During that same period, both male and female dispatchers received raises, though in certain years some male and younger female dispatchers received less in raises than Ms. Gilhuys. Also, in that eleven-year timeframe, Ms. Gilhuys remained the highest salaried employee at the Center except for Director Lewis. The highest-paid male dispatcher made about $10,000 less per year than Ms. Gilhuys.

Director Lewis is responsible for submitting proposed raises for all the Center employees to the Hardy County Commission for approval. He testified that he proposed raises for all employees in 2020 in an attempt to make the Center's salaries more competitive. He stated that this proposal was based upon a salary survey conducted by the Dispatch Supervisor of wages for 911 dispatchers in surrounding counties. In discovery, a letter from the Dispatch Supervisor to Director Lewis was produced in which the Dispatch Supervisor requested that Director Lewis ask for an across-the-board raise of $2.00 per hour or $4,000 per year for many of the employees, including Ms. Gilhuys and most of the male and female dispatchers. The letter expressed the goal of raising dispatcher salaries to attract and retain qualified applicants after discovering that Hardy County's pay was below average. The raise approved by the County Commission in 2020 for Ms. Gilhuys was only $2,450, while most of the dispatchers, male and female, were given larger amounts, though less than the requested $4,000. Director Lewis' raise was $2,000 in 2020.

After Ms. Gilhuys filed the underlying suit, the parties conducted extensive written discovery and took the depositions of Ms. Gilhuys and Director Lewis, as the Rule 30(b)(7) designee of the Center. Respondent filed a Motion for Summary Judgment on April 14,

2

2022, and the circuit court heard oral arguments on June 30, 2022. On October 28, 2022, the Circuit Court of Hardy County issued an Order granting Respondent's Motion for Summary Judgment, finding:

> …that the Plaintiff has failed to establish a prima facie case of employment discrimination, that there exist[s] no genuine issue of material facts pertaining to those claims, and that the Defendant has asserted a legitimate, non-discriminatory reason pertaining to the disparity in the amount[s] of raises given in 2020 to Gilhuys in relation to the dispatch supervisor and dispatch operators.

This Court accords a plenary review to the circuit court's order granting summary judgment: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4. We note that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but it is to determine whether there is a genuine issue for trial." *Id*. at 190, 451 S.E.2d at 756, syl. pt. 3. We recognize that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 60, 459 S.E.2d 329, 337 (1995) (citation omitted).

The Supreme Court of Appeals of West Virginia has held that,

> "[i]n order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W. Va. Code §5-11-1 *et seq*. (1979), the plaintiff must offer proof of the following: (1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Syllabus Point 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W. Va. 164, 358 S.E.2d 423 (1986).

Syl. Pt. 1, *Knotts v. Grafton City Hosp*., 237 W. Va. 169, 786 S.E.2d 188 (2016).

3

Ms. Gilhuys' age and gender discrimination claims are disparate treatment claims in which she alleges she was intentionally discriminated against because of her age and sex. She argues that she received smaller raises than dispatchers outside of her protected class(es) by comparing herself to allegedly similarly situated employees. "The burden of proof in a disparate-treatment . . . . discrimination case is allocated between the parties according to the framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 36 L.Ed.2d 668 (1973)." *Knotts*, at 175, 786 S.E.2d at 194. "Establishing a prima facie case raises only an inference of discrimination. The defendant can then offer legitimate nondiscriminatory explanations for the allegedly discriminating acts." *Henson v. Liggett Group, Inc*., 61 F.3d 270, 274 (4th Cir. 1995) (citing *McDonnell Douglas*, 411 U.S. at 802). If a defendant makes this showing, the plaintiff is required to show that the legitimate, nondiscriminatory reason for her termination was pretextual. *See Conaway,* 178 W. Va. at 166, 358 S.E.2d at 425, syl. pt. 4.

On appeal, Ms. Gilhuys argues that the circuit court abused its discretion by misunderstanding the law regarding this burden-shifting approach. Ms. Gilhuys alleges that the Center "failed to come forward with evidence of a dispositive nondiscriminatory reason as to which there is no genuine issue which no rational trier of fact could reject." She goes on to claim that, as a result, the circuit court should have let a jury resolve the conflict between Ms. Gilhuys' evidence establishing a prima facie case and the Center's evidence of a nondiscriminatory reason.

However, upon review, we find no error in the circuit court's grant of summary judgment. We agree that Ms. Gilhuys failed to make a prima facie case of either age or gender discrimination. First, although Ms. Gilhuys is undisputedly a woman over the age of forty, and therefore the member of two protected classes as set forth in West Virginia Code § 5-11-3(k) (1998), she failed to present evidence of similarly situated comparators to establish that she was treated differently because of her age and/or sex. Ms. Gilhuys' position as a salaried employee whose primary job duties are administrative and supervisory, for thirty hours per week with lunch breaks and holidays, and who works no evenings or weekends does not make her similarly situated to the dispatchers who are non-managerial, full-time hourly workers who work twelve-hour shifts on variable days and times, with no holidays.

Second, we agree that Ms. Gilhuys failed to present evidence that the Center made an adverse decision concerning her employment. Although she complains that she received a smaller raise than the dispatchers, this does not rise to the level of an adverse employment decision. In making this determination, our Supreme Court of Appeals has considered "whether a plaintiff has retained his or her title, continued to work the same hours, had the same general terms and conditions of employment, and received any pay raises." *Bush v. Convergys Customer Mgmt. Grp.*, No. 18-1085, 2020 WL 3408195 (June 18, 2020) (memorandum decision) (citing *Waddell v. John Q. Hammons Hotel, Inc*., 212 W. Va. 402, 572 S.E.2d 925 (2002). Here, the evidence shows that Ms. Gilhuys has retained the same

title, work hours, terms and conditions of employment, and received eight raises over eleven years. Accordingly, she fails to satisfy the second prong of the *Conaway* test.

Because Ms. Gilhuys showed no adverse employment decision, she cannot satisfy the third "but-for" prong and cannot make a prima facie case for her discrimination claims. Consequently, Ms. Gilhuys is not entitled to any inference of discrimination that would shift the burden of proof to the Center.[2] Nonetheless, the Center offered its explanation for the raises given to the Center's employees in 2020, and the circuit court determined that it was a legitimate, non-discriminatory reason. Ms. Gilhuys presented no evidence to rebut that legitimate, non-discriminatory motivation in awarding disparate raises. Accordingly, we find no error by the circuit court in awarding summary judgment to respondent.

Finally, we turn to Ms. Gilhuys' argument that the circuit court erred by granting summary judgment before discovery was completed, citing her separately filed and denied Motion to Reconvene the Rule 30(b)(7) Deposition. As the circuit court's ruling on that motion is not properly before this Court on appeal, we decline to address this argument.

Accordingly, we affirm the circuit court's October 28, 2022, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[2] Moreover, Ms. Gilhuys failed to present evidence to support any claim of age or gender-based discrimination. The evidence showed the opposite – all dispatchers, regardless of age or gender, except a recently hired male dispatcher, received larger raises in 2020 than Ms. Gilhuys. Further, the raises given to both male and female dispatchers over the past eleven years were not substantially divergent from the raises given to Ms. Gilhuys, and in some years her raises were higher than some dispatchers'.